1
2
3
4
5
6
7
8                UNITED STATES DISTRICT COURT
9                EASTERN DISTRICT OF CALIFORNIA
10

| 11 | LAKEITH L. MCCOY, | Case No.: 1:25-cv-00238-KES-CDB |
|---|---|---|
| 12 | Plaintiff, | ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* |
| 13 | v. | (Doc. 2) |
| 14 | LISA GREEN, *et al.*, | ORDER TO SHOW CAUSE IN WRITING WHY THE FIRST CAUSE OF ACTION (*MONELL* LIABILITY) SHOULD NOT BE DISMISSED AS DUPLICATIVE OF CASE NUMBER 1:15-CV-00768-KES-HBK (PC) |
| 15 | Defendants. | |
| 16 | | |
| 17 | | (Doc. 1) |
| 18 | | **21-DAY DEADLINE** |
| 19 | | ORDER DENYING PLAINTIFF'S MOTION FOR E-FILING PRIVILEGES |
| 20 | | |
| 21 | | (Doc. 3) |

22    Plaintiff Lakeith L. McCoy ("Plaintiff") is proceeding pro se in this civil rights action
23 pursuant to 42 U.S.C. section 1983. Plaintiff initiated this action with the filing of a complaint on
24 February 24, 2025. (Doc. 1).
25    **Motion to Proceed *In Forma Pauperis***
26    Plaintiff, who is proceeding pro se, did not pay the filing fee and instead filed an application
27 to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. (Doc. 2). The Court finds
28 Plaintiff has made the showing required by § 1915, and the request to proceed *in forma pauperis*

shall be granted.

### **Screening of Plaintiff's Complaint**

As to the status of the complaint, Plaintiff is advised that pursuant to 28 U.S.C. § 1915(e)(2), the Court is authorized to screen IFP complaints and dismiss the case if the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam) ("the [screening] provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). As part of this screening, the Court considers and resolves issues such as jurisdiction. *See Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (subject matter jurisdiction).

Upon preliminary review of the pleadings, the Court notes that Plaintiff's complaint may be duplicative of claims Plaintiff raises in *McCoy v. Holguin, et al.*, No. 1:15-CV-00768-KES-HBK (PC) ("*McCoy I*"). Plaintiff initiated *McCoy I* with his filing of a civil rights complaint on March 20, 2015. (*McCoy I*, Doc. 1).[1] It appears that Plaintiff's complaint in the instant action advances allegations concerning the same conduct on which his claims are based in *McCoy I* regarding correctional officers attacking Plaintiff while he was being escorted to the prison facility's law library at California Correctional Institute in Tehachapi ("CCI") on March 12, 2015, in retaliation for his filing of an appeal and February 2015 letter to CCI's warden, Defendant Kim Holland. (Doc. 1 at 3). On March 7, 2025, the jury empaneled in *McCoy I* returned a partial verdict in favor of numerous defendants -- including the following defendants named in this action: Hollis Bennett, Darian King, Andre Martinez, Genaro Arrellano, and Jose A. Gonzales -- but was unable to reach a verdict as to three defendants named in this action (Amiel Holguin, Sesar J. Casillas, and Celestino Martinez). (*McCoy I*, Doc. 309).

"A complaint 'that merely repeats pending or previously litigated claims'" is subject to dismissal under 28 U.S.C. § 1915(e). *Cato v. United States*, 70 F.3d 1103, 1105 (9th Cir. 1995) (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)). "[A] duplicative action arising

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

2

1  from the same series of events and alleging many of the same facts as an earlier suit" may be
2  dismissed as frivolous or malicious under section 1915(e).  *See Bailey*, 846 F.2d at 1021.
3  "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of
4  proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'" *Adams*
5  *v. California Dep't of Health Servs.*, 487 F.3d 684, 692 (9th Cir. 2007) (citation omitted), *overruled*
6  *on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).  Thus, "[p]laintiffs generally
7  have 'no right to maintain two separate actions involving the same subject matter at the same time
8  in the same court and against the same defendant.'" *Adams*, 487 F.3d at 688 (quoting *Walton v.*
9  *Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)), overruled on other grounds by *Sturgell*, 553 U.S. at
10 904).

11 To determine whether a suit is duplicative, courts "borrow from the test for claim
12 preclusion." *Adams*, 487 F.3d at 688.  "'[T]he true test of the sufficiency of a plea of 'other suit
13 pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the
14 thing adjudged,' regarding the matters at issue in the second suit.'" *Id*. (second alteration in
15 original) (quoting *The Haytian Republic*, 154 U.S. 118, 124 (1894)).  "Thus, in assessing whether
16 the second action is duplicative of the first, we examine whether the causes of action and relief
17 sought, as well as the parties . . . to the action, are the same." *Adams*, 487 F.3d at 689; *see Serlin*
18 *v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims,
19 parties, and available relief do not significantly differ between the two actions.") (citation and
20 internal quotation marks omitted).

21 "After weighing the equities of the case, the district court may exercise its discretion to
22 dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed
23 action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams*, 487
24 F.3d at 688.

25 In the instant complaint, Plaintiff raises claims against several Defendants including district
26 attorneys for County of Kern Lisa Green, Cynthia Zimmer, and Brandon Neill Stallings, the
27 California Department of Corrections and Rehabilitation ("CDCR"), former warden at CCI Kim
28 Holland, CDCR registered nurse Hollis Bennett, and numerous correctional officers including

3

Darian King, Amiel Holguin, Sesar J. Casillas, Andre Martinez, Celestino Martinez, Genaro Arrellano, Jose A. Gonzales, Abel Garcia, Trevor Stanley, Eric Barajas, David Calvillo, and K. Westegren. (Doc. 1). Plaintiff seeks compensatory and special damages according to proof and punitive damages against each individual Defendant. (*Id.* at 23). As noted above, Plaintiff's complaint stems from an alleged attack against him on March 12, 2015, in retaliation for his filing of an appeal and a letter in February 2015 to Defendant Holland regarding prison staff misconduct and failure to provide prisoners basic, necessary, and fundamental supplies and materials at CCI. (*Id.* at 3).

In his earlier filed complaint before the Honorable District Judge Kirk E. Sherriff (filed May 20, 2015), Plaintiff raised claims against several of the same named Defendants and sought compensatory and punitive damages from each Defendant. (*McCoy I*, Doc. 1 at 13). Here, although his first cause of action for municipal liability brought pursuant to *Monell v. Dep't of Soc. Servs.* (436 U.S. 658 (1978)) is unique to this action and names two defendants not named in *McCoy I*, the basis of the *Monell* claim as pleaded relates to the same conduct at issue in *McCoy I* (*i.e.*, excessive force, unlawful detention, false reporting, and malicious prosecution).

Since Defendants' conduct on which Plaintiff premises his *Monell* claim was known to Plaintiff at the time he commenced *McCoy I* and relates to the same conduct at issue in *McCoy I*, the Court will order Plaintiff to show cause why the *Monell* claim should not be dismissed as duplicative of Case No. 1:15-CV-00768-KES-HBK (PC).

**Order Denying Plaintiff's Motion for E-Filing Privileges**

Also pending before the Court is Plaintiff's motion for permission to participate in electronic case filing, filed on April 21, 2025. (Doc. 3).

Generally, "self-represented litigants are not permitted to e-file in this district." *Miller v. Sacramento City Unified School District*, No. 2:21-cv-0757-JAM-CKD PS, 2021 WL 3539733, at *3 (E.D. Cal. Aug. 11, 2021); *see* E.D. Cal. Local Rule 133(b)(2) ("Any person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge."). "[E]-filing is a privilege which in some circumstances may be extended to self-represented parties. If the case proceeds beyond the pleadings stage and plaintiff has not abused

4

the filing procedures, the court will consider a further motion for e-filing privileges." *Miller*, 2021 WL 3539733 at *3.

Here, the screening of Plaintiff's pro se complaint (Doc. 1) is pending before the Court. Because "it is not clear whether this case will proceed beyond the pleadings stage, the [C]ourt does not find good cause to depart from the default rule in this district not to permit self-represented litigants to e-file." *Miller v. Sacramento City Unified School District*, No. 2:21-cv-0757-JAM-CKD PS, 2021 WL 3883916, at *2 (E.D. Cal. Aug. 31, 2021). Thus, Plaintiff's motion will be denied. Although Plaintiff does not have access to electronically view the filings in the case, paper copies of all court orders (including minute orders) are mailed to him at the time of their issuance.

**Conclusion and Order**

For the foregoing reasons, it is **HEREBY ORDERED** that:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2), for good cause appearing, is GRANTED;

2. Plaintiff is ordered to show cause in writing **within 21 days** from the date of service of this order why Plaintiff's *Monell* claim should not be dismissed as duplicative of 1:15-cv-00768-KES-HBK (PC); and

3. Plaintiff's motion for electronic filing privileges (Doc. 3) is DENIED.

**Any failure by Plaintiff to comply with this Order will result in the imposition of sanctions, including a recommendation to dismiss of the entire action without prejudice.** Fed. R. Civ. P. 41(b) (stating that dismissal is warranted "[i]f the plaintiff fails to … comply with … a court order"); *see Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

IT IS SO ORDERED.

Dated:   **April 22, 2025**                              _____
                                                                                   UNITED STATES MAGISTRATE JUDGE