UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH L. MCCOY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LISA GREEN, *et al.*,<br><br>　　　　　Defendants. | Case No.: 1:25-cv-00238-KES-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND TO OBEY COURT ORDERS AND LOCAL RULES<br><br>(Doc. 4)<br><br>**14-DAY OBJECTION PERIOD** |

### Relevant Background

Plaintiff Lakeith L. McCoy ("Plaintiff") is proceeding pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

Plaintiff initiated this action with the filing of a complaint on February 24, 2025. (Doc. 1). Following a preliminary review of the complaint, on April 22, 2025, the undersigned ordered Plaintiff to show cause in writing "**within 21 days** from the date of service of [the] order why Plainitff's *Monell* claim should not be dismissed as duplicative of 1:15-cv-00768-KES-HBK (PC) [("*McCoy I*").]" (Doc. 4 at 5) (emphasis in original). In the show cause order, the undersigned noted that Defendants' conduct on which Plaintiff premises his *Monell* claim (*see* Doc. 1 at 18-21) was known to Plaintiff at the time he commenced *McCoy I* and relates to the same conduct at issue in *McCoy I*. (*Id.* at 4). Plaintiff was forewarned that "[**a**]**ny failure … to comply with this Order**

**will result in the imposition of sanctions, including a recommendation to dismiss [] the entire action without prejudice**." (*Id.* at 5, emphasis in original) (citing Fed. R. Civ. P. 41(b) and *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005)).

Because Plaintiff failed to file a response to the Court's show cause order and the time to do so has expired, the undersigned will recommend that the Court dismiss this action without prejudice for Plaintiff's failure to prosecute and to obey court orders and local rules.

**Governing Legal Standards**

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. Local Rule 110.  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000).  A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules.  *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (internal quotation marks & citation omitted).  These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action.  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

///

### Discussion

Here, Plaintiff has failed to comply with the Court's orders and Local Rules. Plaintiff has filed no response to the Court's order to show cause and the time to do so has passed. There are no other reasonable alternatives available to address Plaintiff's failure to respond and otherwise obey this Court's orders. Thus, the first and second factors—the expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to Defendants, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). This matter cannot proceed further without Plaintiff's participation to prosecute the case and explain to the Court why his *Monell* claim should not be dismissed as duplicative of *McCoy I*. (Doc. 4 at 4). The presumption of injury holds given Plaintiff's unreasonable delay in prosecuting this action. Thus, the third factor—a risk of prejudice to the Defendants—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. He has instead failed to comply with this Court's orders and the Local Rules, and is thus impeding the progress of this action. Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, the Court's order to show cause, requiring a response from Plaintiff, cautioned: "**Any failure by Plaintiff to comply with this Order will result in the imposition of sanctions, including a recommendation to dismiss [] the entire action without prejudice**." (Doc. 4 at 5) (citing Fed. R. Civ. P. 41(b) and *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir.

2005)) (emphasis in original).  Plaintiff was adequately forewarned that the failure to timely respond to the show cause order could result in terminating sanctions.

Because Plaintiff has failed to comply with this Court's orders and Local Rules, and in so doing is failing to prosecute his case, the undersigned will recommend dismissal of this action without prejudice.

**Conclusion and Recommendation**

For the reasons given above**, IT IS RECOMMENDED** as follows:

1. The Court DISMISS this action without prejudice for Plaintiff's failure to prosecute this action and to comply with the Court's orders and Local Rules.  *See* E.D. Cal. Local Rule 110; and

2. The Clerk of the Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown.  The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number.  Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **May 20, 2025**

UNITED STATES MAGISTRATE JUDGE