UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH L. MCCOY,<br><br>            Plaintiff,<br><br>    v.<br><br>LISA GREEN, *et al.*,<br><br>            Defendants. | Case No.: 1:25-cv-00238-KES-CDB<br><br>ORDER VACATING MAY 20, 2025, FINDINGS AND RECOMMENDATIONS<br><br>(Doc. 5)<br><br>ORDER DISCHARGING APRIL 22, 2025, SHOW CAUSE ORDER<br><br>(Doc. 4)<br><br>ORDER GRANTING LEAVE TO AMEND<br><br>(Docs. 1, 6)<br><br>**21-DAY DEADLINE** |

**Relevant Background**

Plaintiff Lakeith L. McCoy ("Plaintiff") is proceeding pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

Plaintiff initiated this action with the filing of a complaint on February 24, 2025. (Doc. 1). Following a preliminary review of the complaint, on April 22, 2025, the undersigned ordered Plaintiff to show cause in writing "why Plaintiff's *Monell* claim should not be dismissed as duplicative of 1:15-cv-00768-KES-HBK (PC) [("*McCoy I*").]" (Doc. 4 at 5) (emphasis in original). In the show cause order, the undersigned noted that Defendants' conduct on which Plaintiff

premises his *Monell* claim (*see* Doc. 1 at 18-21) was known to Plaintiff at the time he commenced *McCoy I* and relates to the same conduct at issue in *McCoy I*.  (*Id.* at 4).

After Plaintiff failed to timely file a response to the Court's show cause order, on May 20, 2025, the Court issued findings and recommendations to dismiss the action without prejudice for Plaintiff's failure to prosecute and to obey court orders and local rules.  (Doc. 5).

**Order Vacating Findings and Recommendations and Discharging Show Cause Order**

Pending before the Court is Plaintiff's response to the Court's order to show cause, filed on May 21, 2025.  (Doc. 6).  Plaintiff's response is signed and dated on May 13, 2025.  (*Id.* at 2). Plaintiff represents that his complaint is not duplicative if the earlier-filed *McCoy I* action as this case "proceeds with claims that arose after" *McCoy I* which involved excessive force, and at the time that case was filed, he "had not been subjected" to the malicious prosecution that is "now before the Court[.]"  (*Id.* ¶¶ 2-4).  Plaintiff represents that the instant complaint "may have alleged or mentioned excessive force" but his *Monell* claim here "is for the actions surrounding the [m]alicious [p]rosecution such as the failure to discipline staff for filing false reports which did not or could not have been pled until after [his] criminal case was dismissed and after [*McCoy I*] had been initiated."  (*Id.* ¶ 5).  He further represents that the excessive force conduct in *McCoy I* "does not relate" to his current malicious prosecution claim and other than "the facts of the conduct that led" to the malicious prosecution.  (*Id.* ¶ 6).  Plaintiff represents that the malicious prosecution here was retaliatory and that he was not criminally prosecuted "until a year after" the alleged excessive force.  (*Id.* ¶ 7).  Plaintiff seeks to amend his complaint "to clarify the matter."  (*Id.* ¶ 8).  Lastly, Plaintiff requests that his *Monell* claim not be dismissed, and this Court find that he "has shown good cause" for discharge of the show cause order.  (*Id.* at 2).

In light of Plaintiff's timely response to the show cause order, the Court will vacate the findings and recommendations to dismiss the action for Plaintiff's failure to prosecute.  (Doc. 5). Further, based on Plaintiff's representations in his response to the show cause order, the Court finds good cause to discharge the show cause order.  (Doc. 4).

**Granting Leave to Amend**

Based on Plaintiff's request for leave to amend his complaint and because he may be able

2

to clarify the allegations and claims in his pleading as limited to malicious prosecution (*see* Doc. 6 at 2), Plaintiff will be granted leave to amend his complaint to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

To cognizably allege a claim under *Monell*, Plaintiff must show: (1) he was deprived of a constitutional right; (2) defendant had a policy or custom; (3) the policy or custom amounted to a deliberate indifference to his constitutional right; and (4) the policy was the moving force behind the constitutional violation. *Burke v. Cnty. of Alameda*, 586 F.3d 725, 734 (9th Cir. 2009) (quoting *Monell v. Dep't of Social Servs. Of City of New York*, 436 U.S. 658, 694 (1978)) (emphasis added). A custom is "a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (internal quotations omitted). The custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *Monell*, 436 U.S. at 691 (internal quotation omitted). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). However, "contemporaneous or subsequent conduct cannot establish a pattern of violations that would provide 'notice to the [local government entity] and the opportunity to conform to constitutional dictates.'" *Connick v. Thompson*, 563 U.S. 51, 63 n.7 (2011).

Consistent with the above-cited authority, Plaintiff may not maintain a *Monell* claim based on allegations that he faced malicious prosecution on an isolated basis; the amended complaint must challenge a law or regulation, or a policy or procedure or custom of County of Kern that would give rise to municipal liability.

Separately, given Plaintiff's naming of CDCR as a defendant in the operative complaint, the Court notes that suits against CDCR and its facilities are barred by the Eleventh Amendment. Specifically, the Eleventh Amendment prohibits federal courts from hearing suits brought against a state by its own citizens, as well as by citizens of other states. *See Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition extends to suits against

states and state agencies. *See Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); *Taylor*, 880 F.2d at 1045. A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam). The State of California has not waived its Eleventh Amendment immunity for federal claims under section 1983. *Dittman v. California*, 191 F.3d 1020, 1025–26 (9th Cir. 1999) (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)); *see Brown v. Cal. Dep't. of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity).

If Plaintiff wishes to file a first amended complaint, any such amended complaint should be brief (Fed. R. Civ. P. 8(a)) but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights (*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). Although accepted as true, the "[f]actual allegation must be [sufficient] to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (explaining no "buckshot" complaints permitted).

Finally, an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.2 (9th Cir. 2012). If Plaintiff elects to proceed with this action by filing an amended complaint, the Court cannot refer to a prior pleading in order to make an amended complaint complete. *See* E. D. Cal. Local Rule 220. The **amended complaint must be complete in itself without reference to the prior or superseded pleading**. Once the amended complaint is filed, the original pleading no longer serves any function in the case. Thus, in the amended complaint, **Plaintiff must re-plead all elements of his claims, including all relevant facts, even the ones not addressed by this screening order.**

///

///

///

4

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED:

1. The May 20, 2025, findings and recommendations (Doc. 5) are VACATED;
2. The April 22, 2025, show cause order (Doc. 4) is DISCHARGED;
3. The Clerk of the Court shall send Plaintiff a civil rights complaint form; and
4. **Within 21 days** from the date of service of this order, Plaintiff must either:
    a. File a first amended complaint curing the deficiencies identified by the Court in this order; or
    b. File a notice expressing Plaintiff's desire to proceed on the complaint as filed, following which the undersigned will recommend that the first cause of action (*Monell* claim) be dismissed; or
    c. File a notice of voluntary dismissal.  Fed. R. Civ. P. 41(a)(1)(A)(i).

**If Plaintiff fails to timely comply with this order, the Court will recommend that this action be dismissed for failure to state a claim, failure to obey a court order, and/or failure to prosecute.**

IT IS SO ORDERED.

Dated:   **May 22, 2025**                        _____
                                                                    UNITED STATES MAGISTRATE JUDGE

5