UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH L. MCCOY,<br><br>             Plaintiff,<br><br>   v.<br><br>LISA GREEN, *et al.*,<br><br>             Defendants. | Case No.: 1:25-cv-00238-KES-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR PLAINTIFF'S FAILURE (1) TO STATE A CLAIM AND (2) TO PROSECUTE AND TO OBEY COURT ORDERS AND LOCAL RULES<br><br>(Doc. 7)<br><br>**14-DAY OBJECTION PERIOD** |

**Relevant Background**

Plaintiff Lakeith L. McCoy ("Plaintiff") is proceeding pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

Plaintiff initiated this action with the filing of a complaint on February 24, 2025. (Doc. 1). Following a preliminary review of the complaint, on April 22, 2025, the undersigned ordered Plaintiff to show cause in writing "why Plaintiff's *Monell* claim should not be dismissed as duplicative of 1:15-cv-00768-KES-HBK (PC) [("*McCoy I*").]" (Doc. 4 at 5). In the show cause order, the undersigned noted that Defendants' conduct on which Plaintiff premises his *Monell* claim (*see* Doc. 1 at 18-21) was known to Plaintiff at the time he commenced *McCoy I* and relates to the same conduct at issue in *McCoy I*. (*Id.* at 4).

After Plaintiff failed to timely file a response to the Court's show cause order, on May 20,

1  2025, the Court issued findings and recommendations to dismiss the action without prejudice for
2  Plaintiff's failure to prosecute and to obey court orders and local rules. (Doc. 5).

3  The following day (May 21, 2025), the Clerk of the Court filed on Plaintiff's behalf his
4  response to the show cause order, signed and dated on May 13, 2025. (Doc. 6). In his response,
5  Plaintiff represents that his complaint is not duplicative of the earlier-filed *McCoy I* action as this
6  case "proceeds with claims that arose after" *McCoy I* (which involved excessive force), and at the
7  time that case was filed, he "had not been subjected" to the malicious prosecution that is "now
8  before the Court[.]" (*Id.* ¶¶ 2-4). Plaintiff represents that the instant complaint "may have alleged
9  or mentioned excessive force" but his *Monell* claim here "is for the actions surrounding the
10 [m]alicious [p]rosecution such as the failure to discipline staff for filing false reports which did not
11 or could not have been pled until after [his] criminal case was dismissed and after [*McCoy I*] had
12 been initiated." (*Id.* ¶ 5). He further represents that the excessive force conduct in *McCoy I* "does
13 not relate" to his current malicious prosecution claim and other than "the facts of the conduct that
14 led" to the malicious prosecution. (*Id.* ¶ 6). Plaintiff represents that the malicious prosecution here
15 was retaliatory and that he was not criminally prosecuted "until a year after" the alleged excessive
16 force. (*Id.* ¶ 7). In his response to the show cause order, Plaintiff requested leave to amend his
17 complaint "to clarify the matter." (*Id.* ¶ 8).

18 In light of Plaintiff's timely response to the show cause order, the Court vacated the findings
19 and recommendations to dismiss the action for Plaintiff's failure to prosecute, discharged its show
20 cause order, and granted Plaintiff leave to amend his *Monell* claim. (Doc. 7).

21 **Plaintiff Failed to Timely Amend and his Complaint Fails to State a *Monell* Claim**

22 In its order granting Plaintiff leave to amend his *Monell* claim, the Court set forth the
23 governing legal standards. (Doc. 7 at 3-4).

24 **A.  *Monell* Claim - Governing Legal Standard**

25 To cognizably allege a claim under *Monell*, Plaintiff must show: (1) he was deprived of a
26 constitutional right; (2) defendant had a policy or custom; (3) the policy or custom amounted to a
27 deliberate indifference to his constitutional right; and (4) the policy was the moving force behind
28 the constitutional violation. *Burke v. Cnty. of Alameda*, 586 F.3d 725, 734 (9th Cir. 2009) (quoting

*Monell v. Dep't of Social Servs. Of City of New York*, 436 U.S. 658, 694 (1978)) (emphasis added). A custom is "a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (internal quotations omitted). The custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *Monell*, 436 U.S. at 691 (internal quotation omitted). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). However, "contemporaneous or subsequent conduct cannot establish a pattern of violations that would provide 'notice to the [local government entity] and the opportunity to conform to constitutional dictates.'" *Connick v. Thompson*, 563 U.S. 51, 63 n.7 (2011).

### B. *Monell* Claim - Analysis

Consistent with the above-cited authority, the Court admonished Plaintiff that he may not maintain a *Monell* claim based on allegations that he faced malicious prosecution on an isolated basis. (Doc. 7 at 4). Instead, Plaintiff was advised that any amended complaint must challenge a law or regulation, or a policy or procedure or custom of County of Kern that would give rise to municipal liability. *Id.*

Plaintiff's allegations regarding Defendants' maintenance of unconstitutional customs, policies, and practices are inadequate. Thus, Plaintiff vaguely alleges in paragraphs 72 and 73 of the complaint that Defendants "have been bringing false criminal charges against the citizens of Kern County" based on false allegations and that, "in many instances," charges were brought against prisoners that were handcuff and could not have committed the crime charged. Separately, in paragraphs 91 and 93, Plaintiff alleges in conclusory fashion that Defendants maintained unidentified customs, policies, and practices relating to employing, retaining, supervising, and training, that resulted in the violation of Plaintiff's constitutional rights. However, only two sub-allegations of these paragraphs arguably apply to Plaintiff's claim of municipal liability for malicious prosecution. Specifically, paragraph 93(f) alleges Defendants maintained an

1  unconstitutional policy, custom, and practice of "prosecuting individuals without probable cause
2  or reasonable suspicion," and paragraph 93(g) similarly alleges Defendants maintained a policy,
3  custom, and practice of failing to investigate claims of malicious prosecution.

4        Plaintiff's assertions provide no facts to show a pattern of similar events or violations.  *See*
5  *Segura v. City of La Mesa*, 647 F. Supp. 3d 926, 936 (S.D. Cal. 2022) ("Put more simply, Plaintiff
6  must do more than allege in a conclusory fashion that the County maintains an unwritten policy or
7  custom of permitting the types of wrongs Plaintiff experienced.").  Additionally, Plaintiff does not
8  assert facts establishing that the relevant policymakers, or prison or prosecutorial officials, were
9  made aware of any violations or otherwise had actual or constructive notice of them, nor that any
10 individuals with final policymaking authority caused any violations or ratified them.  *See Davis v.*
11 *City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989) ("Davis has failed to establish that there is
12 a genuine issue of material fact regarding the existence of a policy of inadequate training,
13 inadequate medical treatment of prisoners, or deliberate indifference to the use of excessive force.
14 A plaintiff cannot prove the existence of a municipal policy or custom based solely on the
15 occurrence of a single incident of unconstitutional action by a non-policymaking employee.").

16       Separately, the Court admonished Plaintiff that the naming of CDCR as a defendant in the
17 operative complaint was improper given that suits against CDCR and its facilities are barred by
18 the Eleventh Amendment.  Specifically, the Eleventh Amendment prohibits federal courts from
19 hearing suits brought against a state by its own citizens, as well as by citizens of other states.  *See*
20 *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991).  This
21 prohibition extends to suits against states and state agencies.  *See Lucas v. Dep't of Corrs.*, 66 F.3d
22 245, 248 (9th Cir. 1995) (per curiam); *Taylor*, 880 F.2d at 1045.  A state's agency responsible for
23 incarceration and correction of prisoners is a state agency for purposes of the Eleventh
24 Amendment.  *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam).  The State of
25 California has not waived its Eleventh Amendment immunity for federal claims under section
26 1983.  *Dittman v. California*, 191 F.3d 1020, 1025–26 (9th Cir. 1999) (citing *Atascadero State*
27 *Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)); *see Brown v. Cal. Dep't. of Corrs.*, 554 F.3d 747,
28 752 (9th Cir. 2009) (finding California Department of Corrections and California Board of Prison

Terms entitled to Eleventh Amendment immunity).

After noting Plaintiff's deficiencies in his pleading of a *Monell* claim and granting him leave to amend (*see* Doc. 7), Plaintiff failed to file an amended complaint correcting the noted deficiencies. Accordingly, the undersigned assesses that leave to amend would be futile. *See Hartman v. CDCR*, 707 F.3d 1114, 1129-30 (9th Cir. 2013).

**Plaintiff Failed to Follow the Court's Orders and to Prosecute the Action**

Apart from Plaintiff's failure to state a claim upon which relief may be granted, Plaintiff has failed to comply with this Court's order to file an amended complaint and, as such, has failed to prosecute this action. Accordingly, the undersigned will recommend Plaintiff's complaint be dismissed on this separate, independent ground.

**A. Failure to Comply/Failure to Prosecute - Governing Legal Standard**

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. Local Rule 110. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (internal quotation marks &

citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

### B. Failure to Comply/Failure to Prosecute - Governing Legal Standard

Here, Plaintiff has failed to comply with the Court's orders and Local Rules. Plaintiff has filed no response to the Court's order granting him leave to amend his complaint and the time to do so has passed. There are no other reasonable alternatives available to address Plaintiff's failure to respond and otherwise obey this Court's orders. Thus, the first and second factors—the expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to Defendants, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). This matter cannot proceed further without Plaintiff's participation to prosecute the case and explain to the Court why his *Monell* claim should not be dismissed as duplicative of *McCoy I* (Doc. 4 at 4) and for failure to state a claim (Doc. 7 at 3-4; *see supra*). The presumption of injury holds given Plaintiff's unreasonable delay in prosecuting this action. Thus, the third factor—a risk of prejudice to the Defendants—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. He has instead failed to comply with this Court's orders and the Local Rules and, thus, is impeding the progress of this action. Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262.

Here, the Court's order granting Plaintiff leave to amend and requiring a response from Plaintiff cautioned: "**If Plaintiff fails to timely comply with this order, the Court will recommend that this action be dismissed for failure to state a claim, failure to obey a court order, and/or failure to prosecute.**" (Doc. 7 at 5). Plaintiff was adequately forewarned that the failure to timely file and amended complaint could result in terminating sanctions.

**Conclusion and Recommendation**

For the reasons given above**, IT IS RECOMMENDED** as follows:

1. The Court DISMISS this action for Plaintiff's failure to state a claim upon which relief may be granted, and separately, for his failure prosecute this action and to comply with the Court's orders and Local Rules. *See* E.D. Cal. Local Rule 110; and

2. The Clerk of the Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **June 23, 2025**                              _____
                                                         UNITED STATES MAGISTRATE JUDGE