1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11   LAKEITH L. MCCOY,                    | Case No.: 1:25-cv-00238-KES-CDB

12              Plaintiff,                | ORDER VACATING JUNE 23, 2025,
                                          | FINDINGS AND RECOMMENDATIONS
13        v.                              |
                                          | (Docs. 8, 9, 10)
14   LISA GREEN, *et al.*,                |
                                          | FINDINGS AND RECOMMENDATIONS TO
15              Defendants.               | (1) DISMISS PLAINTIFF'S *MONELL* CLAIM,
                                          | (2) DISMISS CDCR FROM THIS ACTION,
16                                        | AND (3) PROCEED ON MALICIOUS
                                          | PROSECUTION CLAIM AGAINST CERTAIN
17                                        | DEFENDANTS
                                          |
18                                        | (Doc. 7)
                                          |
19                                        | **14-DAY OBJECTION PERIOD**

20   I.    **Relevant Background**

21        Plaintiff Lakeith L. McCoy ("Plaintiff"), proceeding pro se, initiated this action with the

22   filing of a complaint on February 24, 2025, in which he alleges civil rights violations pursuant to

23   42 U.S.C. section 1983 against numerous Defendants.  (Doc. 1).

24        Following its issuance of an order to show cause and receipt of Plaintiff's response (Docs.

25   4, 6), on May 22, 2025, the Court entered a screening order noting certain deficiencies in Plaintiff's

26   complaint and granting Plaintiff leave to amend his complaint to the extent of clarifying the

27   allegations of his deficiently pled claim under *Monell v. Dep't of Social Servs. Of City of New York*,

28   436 U.S. 658 (1978).  (Doc. 7).  When Plaintiff failed to timely file an amended complaint, on June

1    23, 2025, the undersigned issued findings and recommendations to dismiss this action without

2    prejudice. (Doc. 8).  Plaintiff was ordered to file any objections within 14 days from the date of

3    service of the findings and recommendations.  *Id.* at 7.

4    **II.      Order Vacating June 23, 2025, Findings and Recommendations**

5            On July 11, 2025, the Clerk of the Court docketed Plaintiff's filings (dated July 8, 2025) of

6    a notice of willingness to proceed only on the remaining malicious prosecution claim (Doc. 9) and

7    objections to the findings and recommendations (Doc. 10).  In his objections, Plaintiff asserts he

8    never received the Court's orders granting him leave to amend and only became aware of the order

9    requiring him to respond following his receipt of the pending findings and recommendations.  (Doc.

10   10 at 1).  He asserts that his neighborhood "has been hit multiple times in the past with mail theft."

11   *Id.*  Plaintiff requests that the Court excuse this oversight and allow the complaint to proceed on his

12   remaining malicious prosecution claim.  *Id.*

13           Based on Plaintiff's representations that he was unaware of the Court's order requiring a

14   response due to mail issues, the undersigned finds good cause to vacate the June 23, 2025, findings

15   and recommendations to dismiss the action for Plaintiff's failure to prosecute this action and to

16   comply with the Court's orders and Local Rules.  Further, in light of Plaintiff's notice expressing

17   his desire to proceed on his complaint only as to his malicious prosecution claim, the undersigned

18   issues these updated findings and recommendations as set forth below.

19   **III.     Updated Findings and Recommendations**

20           **A.      Recommendation to Dismiss *Monell* Claim**

21                  1.      *Monell* Claim – Governing Authority

22           To cognizably allege a claim under *Monell*, Plaintiff must show: (1) he was deprived of a

23   constitutional right; (2) defendant had a policy or custom; (3) the policy or custom amounted to a

24   deliberate indifference to his constitutional right; and (4) the policy was the moving force behind

25   the constitutional violation.  *Burke v. Cnty. of Alameda*, 586 F.3d 725, 734 (9th Cir. 2009) (quoting

26   *Monell v. Dep't of Social Servs. Of City of New York*, 436 U.S. 658, 694 (1978)) (emphasis added).

27   A custom is "a widespread practice that, although not authorized by written law or express

28   municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force

2

1    of law." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (internal quotations omitted).

2    The custom must be so "persistent and widespread" that it constitutes a "permanent and well

3    settled" practice. *Monell*, 436 U.S. at 691 (internal quotation omitted). "Liability for improper

4    custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices

5    of sufficient duration, frequency and consistency that the conduct has become a traditional method

6    of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). However,

7    "contemporaneous or subsequent conduct cannot establish a pattern of violations that would

8    provide 'notice to the [local government entity] and the opportunity to conform to constitutional

9    dictates.'" *Connick v. Thompson*, 563 U.S. 51, 63 n.7 (2011).

10                   2.       Analysis

11         Consistent with the above-cited authority, the Court admonished Plaintiff that he may not

12   maintain a *Monell* claim based on allegations that he faced malicious prosecution on an isolated

13   basis. (Doc. 7 at 4). Plaintiff was advised that any amended complaint must challenge a law or

14   regulation, or a policy or procedure or custom of County of Kern that would give rise to municipal

15   liability. *Id.*

16        Plaintiff's allegations regarding Defendants' maintenance of unconstitutional customs,

17   policies, and practices are inadequate. Thus, Plaintiff vaguely alleges in paragraphs 72 and 73 of

18   the complaint that Defendants "have been bringing false criminal charges against the citizens of

19   Kern County" based on false allegations and that, "in many instances," charges were brought

20   against prisoners that were handcuff and could not have committed the crime charged. Separately,

21   in paragraphs 91 and 93, Plaintiff alleges in conclusory fashion that Defendants maintained

22   unidentified customs, policies, and practices relating to employing, retaining, supervising, and

23   training, that resulted in the violation of Plaintiff's constitutional rights. However, only two sub-

24   allegations of these paragraphs arguably apply to Plaintiff's claim of municipal liability for

25   malicious prosecution. Specifically, paragraph 93(f) alleges Defendants maintained an

26   unconstitutional policy, custom, and practice of "prosecuting individuals without probable cause

27   or reasonable suspicion," and paragraph 93(g) similarly alleges Defendants maintained a policy,

28   custom, and practice of failing to investigate claims of malicious prosecution.

3

1    Plaintiff's assertions provide no facts to show a pattern of similar events or violations. *See*

2    *Segura v. City of La Mesa*, 647 F. Supp. 3d 926, 936 (S.D. Cal. 2022) ("Put more simply, Plaintiff

3    must do more than allege in a conclusory fashion that the County maintains an unwritten policy or

4    custom of permitting the types of wrongs Plaintiff experienced."). Additionally, Plaintiff does not

5    assert facts establishing that the relevant policymakers, or prison or prosecutorial officials, were

6    made aware of any violations or otherwise had actual or constructive notice of them, nor that any

7    individuals with final policymaking authority caused any violations or ratified them. *See Davis v.*

8    *City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989) ("Davis has failed to establish that there is

9    a genuine issue of material fact regarding the existence of a policy of inadequate training,

10    inadequate medical treatment of prisoners, or deliberate indifference to the use of excessive force.

11    A plaintiff cannot prove the existence of a municipal policy or custom based solely on the

12    occurrence of a single incident of unconstitutional action by a non-policymaking employee.").

13    Because the complaint fails to allege facts sufficient to state a claim under *Monell* and given

14    Plaintiff's election to proceed on the complaint only as to his malicious prosecution claim, the

15    undersigned recommends that the first cause of action (*Monell* claim) be dismissed.

16    **B.      Recommendation to Dismiss California Department of Corrections and**

17    **Rehabilitation ("CDCR") from this Action**

18    Separately, the Court admonished Plaintiff that the naming of CDCR as a defendant in the

19    operative complaint was improper given that suits against CDCR and its facilities are barred by

20    the Eleventh Amendment. Specifically, the Eleventh Amendment prohibits federal courts from

21    hearing suits brought against a state by its own citizens, as well as by citizens of other states. *See*

22    *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991). This

23    prohibition extends to suits against states and state agencies. *See Lucas v. Dep't of Corrs.*, 66 F.3d

24    245, 248 (9th Cir. 1995) (per curiam); *Taylor*, 880 F.2d at 1045. A state's agency responsible for

25    incarceration and correction of prisoners is a state agency for purposes of the Eleventh

26    Amendment. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam). The State of

27    California has not waived its Eleventh Amendment immunity for federal claims under section

28    1983. *Dittman v. California*, 191 F.3d 1020, 1025–26 (9th Cir. 1999) (citing *Atascadero State*

1    *Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)); *see Brown v. Cal. Dep't. of Corrs.*, 554 F.3d 747,

2    752 (9th Cir. 2009) (finding California Department of Corrections and California Board of Prison

3    Terms entitled to Eleventh Amendment immunity).

4    　　　Based on Plaintiff's desire to proceed on his complaint as filed only on his malicious

5    prosecution claim, and because Plaintiff does not object, the undersigned recommends that CDCR

6    be dismissed from this action as an improper defendant.

7    　　**C.** 　　**Recommendation that Malicious Prosecution Claim Proceed Against**

8    　　　　　　**Correctional Officer Defendants and Be Dismissed Against Remaining**

9    　　　　　　**Defendants**

10    　　　　　　1. 　　Malicious Prosecution – Governing Authority

11    　　　"In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff 'must show that

12    the defendants prosecuted [him] with malice and without probable cause, and that they did so for

13    the purpose of denying [him] equal protection or another specific constitutional right.'" *Awabdy v.*

14    *City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (citing *Freeman v. City of Santa Ana*, 68

15    F.3d 1180, 1189 (9th Cir. 1995)); *Usher v. City of Los Angeles*, 828 F.2d 556, 561-62 (9th Cir.

16    1987) ("In California, the elements of malicious prosecution are (1) the initiation of criminal

17    prosecution, (2) malicious motivation, and (3) lack of probable cause.") (citing *Singleton v.*

18    *Perry,* 45 Cal.2d 489, 494 (1955)); *see Harris v. Restivo*, No. 1:20-cv-00797-JLT-EPG (PC), 2022

19    WL 17812736, at *8 (E.D. Cal. Oct. 17, 2022) ("The Ninth Circuit has 'incorporated the relevant

20    elements of the common law tort of malicious prosecution into [the] analysis under § 1983.'").

21    　　　"Malicious prosecution actions are not limited to suits against prosecutors but may be

22    brought … against other persons who have wrongfully caused the charges to be filed." *Awabdy*,

23    368 F.3d at 1066 (citing *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1126–27 (9th Cir.

24    2002)).

25    　　　　　　2. 　　Analysis – KCDA Defendants Entitled to Prosecutorial Immunity

26    　　　In Plaintiff's second cause of action for malicious prosecution under 42 U.S.C. § 1983, he

27    alleges that Defendants violated his due process rights under the Fourteenth Amendment based on

28    Defendants' malicious criminal prosecution of Plaintiff without probable cause that was ultimately

1    terminated in Plaintiff's favor.  (Doc. 1 ¶¶ 101, 102).  He alleges on March 14, 2016, Kern County

2    District Attorney Defendants Lisa Green, Brandon Neill Stallings, and Cynthia Zimmer ("KCDA

3    Defendants") filed four criminal charges against him that were based on Defendants' "deliberate

4    fabrication and falsification of evidence" after Plaintiff sought civil remedies.  *Id.* ¶¶ 66, 69.  He

5    asserts that Defendants King, Holguin, Casillas, A. Martinez, C. Martinez, Gonzales, and Garcia

6    ("correctional officer Defendants")—all of whom are correctional officers at California

7    Correctional Institution in Tehachapi, California ("CCI")—intentionally falsified "their reports to

8    initiate baseless charges against [Plaintiff] and cover up their misconduct."  *Id.* ¶ 62.  He alleges

9    Holguin, A. Martinez, King, and Gonzales continued to deliberately fabricate evidence regarding

10    Plaintiff's conduct while falsely testifying at the preliminary hearing in the criminal case against

11    Plaintiff.  *Id.* ¶ 68.  He alleges that KCDA Defendants "deliberately withheld exculpatory reports

12    from the defense" throughout the criminal proceedings and KCDA Defendants "ignored the

13    inconsistences in the Defendants' reports … as well as clear evidence of falsification[] and

14    manufacturing of the reports [in order to] secure a conviction against Plaintiff[.]"  *Id.* ¶¶ 70, 71.

15    Plaintiff further alleges that "[a]fter five years of litigation, and absolutely no probable cause to

16    initiate proceedings against [him] to begin with, on March 22, 2021[,] all four criminal charges …

17    were dismissed."  *Id.* ¶ 83.

18         The undersigned finds these allegations may be sufficient to state a malicious prosecution

19    claim under § 1983 as Plaintiff has alleged that all four criminal charges of Defendants' criminal

20    prosecution against him lacked any probable cause and were dismissed.  *See Awabdy*, 368 F.3d at

21    1068 ("An individual seeking to bring a malicious prosecution claim must generally establish that

22    the prior proceedings terminated in such a manner as to indicate his innocence. … [A] dismissal in

23    the interests of justice satisfies this requirement if it reflects the opinion of the prosecuting party or

24    the court that the action lacked merit or would result in a decision in favor of the defendant.")

25    (citations omitted); *Usher*, 828 F.2d at 562 ("The criminal proceeding against Usher was terminated

26    in his favor, by a dismissal for lack of evidence.  Read liberally as they must be, Usher's pleadings

27    fairly bring his common law tort claim of malicious prosecution within the scope of section

28    1983[.]").  However, the undersigned finds this claim barred against certain defendants based on

6

1    the principle of prosecutorial immunity.

2         "The immunity of a prosecutor is based upon the same purpose that underlies the immunity

3    of judges and grand jurors acting within the scope of their duties: to protect the judicial process."

4    *Milstein v. Cooley*, 257 F.3d 1004, 1007 (9th Cir. 2001) (citing *Burns v. Reed*, 500 U.S. 478, 484

5    (1991); *Imbler v. Pachtman*, 424 U.S. 409, 418 (1976)).  "Specifically, absolute immunity for

6    prosecutors is warranted (1) to allow prosecutors to focus their energies on prosecuting, rather than

7    defending lawsuits[;] (2) to enable prosecutors to exercise independent judgment in deciding which

8    suits to bring and conducting them in court[;] (3) to preserve the criminal justice system's function

9    of determining guilt or innocence by ensuring that triers of fact are not denied relevant (although

10   sometimes conflicting) evidence because of prosecutors' fear of suit[;] and (4) to ensure fairness to

11   defendants by enabling judges to make rulings in their favor without the subconscious knowledge

12   that such rulings could subject the prosecutor to liability[.]"  *Id.* (citations and quotations omitted).

13   "[T]his immunity does leave the genuinely wronged defendant without civil redress against a

14   prosecutor whose malicious or dishonest action deprives him of liberty.  But the alternative of

15   qualifying a prosecutor's immunity would disserve the broader public interest."  *Imbler*, 424 U.S.

16   at 427.

17        Thus, the Ninth Circuit has recognized that "[p]rosecutors performing their official

18   prosecutorial functions are entitled to absolute immunity against constitutional torts."  *Lacey v.*

19   *Maricopa Cnty.*, 693 F.3d 896, 912 (9th Cir. 2012).  "A state prosecutor is entitled to absolute

20   immunity from liability under § 1983 for violating a person's federal constitutional rights when he

21   or she engages in activities intimately associated with the judicial phase of the criminal process."

22   *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

23        Here, Plaintiff alleges that KCDA Defendants—all of whom are alleged to be or were

24   prosecutors at the Kern County District Attorney's Office who "acted under color of state law and

25   within the course and scope of their duties at all relevant times" (*see* Doc. 1 ¶¶ 5-9)—maliciously

26   prosecuted him in violation of his constitutional rights.  However, "based on the legal standards

27   above, [prosecutorial KCDA Defendants] are entitled to prosecutorial immunity."  *Valencia v.*

28   *Balakian*, No. 1:24-cv-01477-EPG (PC), 2025 WL 886984, at *7 (E.D. Cal. Mar. 21, 2025), *report*

1    *and recommendation adopted*, 20225 WL 1400281 (E.D. Cal. May 14, 2025). "Even charges of

2    malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment

3    of exculpatory evidence will be dismissed on grounds of prosecutorial immunity." *Rhodes v. Cnty.*

4    *of Madera*, No. 1:16–cv–01631–DAD–SKO, 2017 WL 4151274, at *7 (E.D. Cal. Sept. 19, 2017)

5    (citing *Stevens v. Rifkin*, 608 F. Supp. 710, 728 (N.D. Cal. 1984)); *see Milstein*, 257 F.3d at 1008

6    ("in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a

7    civil suit for damages under § 1983 ... This immunity covers the knowing use of false testimony at

8    trial, the suppression of exculpatory evidence, and malicious prosecution[.]"). Given the "scope of

9    prosecutorial immunity is broad enough to encompass even the wide-ranging … allegations of the

10   [c]omplaint[, a]dding specific or additional details [in an amended complaint] will not change the

11   fact that [KCDA Defendants were] acting within [their] official prosecutorial duties when pursuing

12   the criminal case against Plaintiff." *Pleasant v. Turner*, No. 1:13–cv–00329 LJO–GSA, 2015 WL

13   641729, at *8 (E.D. Cal. Feb. 13, 2015) (citing *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir.

14   1986)). Thus, the undersigned finds the malicious prosecution claim is barred insofar as it is

15   asserted against KDCA Defendants.

16               3.    Analysis – Malicious Prosecution Claim as to Other Defendants

17        Setting aside the KDCA Defendants, the undersigned finds the complaint cognizably

18   alleges a malicious prosecution claim against certain correctional officer Defendants, all of whom

19   are alleged to have intentionally falsified "their reports to initiate baseless charges against [Plaintiff]

20   and cover up their misconduct." *See* (Doc. 1 ¶ 62).[1] "The Ninth Circuit has long recognized that

21   '[f]iling a criminal complaint immunizes investigating officers...from damages suffered thereafter

22   because it is presumed that the prosecutor filing the complaint exercised independent judgment in

23   determining that probable cause for an accused's arrest exists at that time.'" *Rhodes*, 2017 WL

24   4151274 at *7 (citing *Smiddy v. Varney*, 665 F.2d 261, 266 (9th Cir. 1981), *overruled on other*

25   *grounds by Beck v. City of Upland*, 527 F.3d 853, 865 (9th Cir. 2008)). "However, '[t]he

26

27        [1] For the same reasons the undersigned recommends dismissal of Plaintiff's *Monell* cause of action against Defendant County of Kern, the undersigned recommends dismissal of Plaintiff's malicious prosecution claim against

28   Defendant County of Kern.

1    presumption can be overcome, for example, by evidence that the officers knowingly submitted false

2    information or pressured the prosecutor to act contrary to her independent judgment.'" *Id.* (citing

3    *Smiddy v. Varney*, 803 F.2d 1469, 1471 (9th Cir. 1986), *opinion modified on denial of reh'g*, 811

4    F.2d 504 (9th Cir. 1987)).

5           Plaintiff's allegations—that the correctional officer Defendants intentionally falsified their

6    "reports to initiate baseless charges against [Plaintiff] and cover up their misconduct[,]"

7    deliberately fabricated evidence regarding Plaintiff's conduct "while testifying falsely" in the

8    criminal proceedings against him, and that KCDA Defendants ignored the inconsistencies in these

9    reports "as well as clear evidence of falsification" to secure a conviction against Plaintiff (*see id.*

10   ¶¶ 62, 68, 88, 70)—appear sufficient to show that the "unsuccessful prosecution [against him]"

11   lacked probable cause such that "any reasonably attorney would regard [the action] as totally and

12   completely without merit." *Pleasant*, 2015 WL 641729 at *9 (citing *Downey Venture v. LMI Ins.*

13   *Co.*, 66 Cal. App. 4th 478, 494 (1998)).  Thus, the undersigned finds a malicious prosecution claim

14   sufficiently stated against County of Kern and the correctional officer Defendants and recommends

15   this action proceed on this claim.

16          Because the malicious prosecution claim sets forth no allegations against remaining

17   Defendants Hollis Bennett, K. Westegren, David Calvillo, Eric Barajas, Trevor Stanley, Genaro

18   Arrellano, Kim Holland, T. Ritchie, and Herbert "Bert" Thomas, Plaintiff has failed to state a

19   malicious prosecution claim against them.  Thus, the undersigned recommends these remaining

20   Defendants be dismissed.  *See Rhodes*, 2017 WL 4151274 at *7 ("When a plaintiff pleads no facts

21   to rebut the presumption of prosecutorial independent, dismissal is appropriate.") (citing *Smiddy*,

22   803 F.2d at 1471).

23                       *       *       *       *       *       *       *       *       *

24          In sum, the undersigned recommends: (1) Plaintiff's *Monell* claim be dismissed, (2) CDCR

25   be dismissed as an improper Defendant, (3) KCDA Defendants be dismissed based on prosecutorial

26   immunity, (4) Defendants County of Kern and Bennett, Westegren, Calvillo, Barajas, Stanley,

27   Arrellano, Holland, Ritchie, and Thomas be dismissed for failure to state a claim against them, and

28   (5) this action proceeds on Plaintiff's remaining malicious prosecution claim against Defendant

9

1    correctional officers King, Holguin, Casillas, A. Martinez, C. Martinez, Gonzales, and Garcia.

2    **Conclusion, Order, and Recommendations**

3    For the reasons given above, **IT IS HEREBY ORDERED** that:

4    1. The findings and recommendations issued on June 23, 2025 (Doc. 8) are VACATED.

5    And **IT IS RECOMMENDED** as follows:

6    1. The Court DISMISS Plaintiff's first cause of action (*Monell* claim) for failure to state a
7    claim.

8    2. The Court DISMISS CDCR from this action as an improper defendant.

9    3. The Court DISMISS KCDA Defendants Green, Stallings, and Zimmer based on
10    prosecutorial immunity.

11    4. The Court DISMISS Defendants County of Kern and Bennett, Westegren, Calvillo,
12    Barajas, Stanley, Arrellano, Holland, Ritchie, and Thomas for failure to state a claim
13    against them.

14    5. This action proceeds on Plaintiff's remaining cause of action (malicious prosecution
15    under § 1983) against correctional officer Defendants King, Holguin, Casillas, A.
16    Martinez, C. Martinez, Gonzales, and Garcia.

17

18

19    *Remainder of This Page Intentionally Left Blank*

20

21

22

23

24

25

26

27

28

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **July 18, 2025**

UNITED STATES MAGISTRATE JUDGE

11