UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH L. MCCOY,<br><br>        Plaintiff,<br><br>   v.<br><br>DARRIN KING, *et al.*,<br><br>        Defendants. | Case No. 1:25-cv-00238-KES-CDB<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND<br><br>(Doc. 28)<br><br>ORDER DIRECTING CLERK OF THE COURT TO FILE PLAINTIFF'S LODGED FIRST AMENDED COMPLAINT ON THE DOCKET<br><br>(Doc. 28 at 5-21)<br><br>ORDER DIRECTING CLERK OF THE COURT TO TERMINATE DEFENDANTS' MOTION TO DISMISS AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF AS MOOT<br><br>(Docs. 23, 24)<br><br>ORDER DENYING AS MOOT DEFENDANTS' MOTION TO STAY<br><br>(Doc. 25) |

**Relevant Background**

Plaintiff LaKeith L. McCoy ("Plaintiff") is proceeding pro se and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. Following screening, this action proceeds on Plaintiff's

1    malicious prosecution claim pursuant to 42 U.S.C. § 1983 against correctional officer Defendants
2    Darrin King, Amiel Holguin, Sesar J. Casillas, Andre Martinez, Celestino Martinez, Jose A.
3    Gonzales, and Abel Garcia (collectively, "Defendants").  (Docs. 1, 9, 12).

4    　　　　On December 9, 2025, Defendants filed a motion to dismiss the complaint, a request for
5    judicial notice in support thereof, and a motion to stay pending the Court's resolution of their
6    motion to dismiss.  (Docs. 23-25).  On December 10, 2025, the presiding district judge referred the
7    pending motion to dismiss to the undersigned for the preparation of findings and recommendations
8    and/or other appropriate action and vacated the hearing set for January 22, 2026.  (Doc. 27).
9    Plaintiff did not timely oppose either motion.

10   **Plaintiff's Motion to Amend**

11   　　　　On December 22, 2025, Plaintiff filed the pending motion to amend.  (Doc. 28).  Plaintiff
12   moves the Court for leave to file his proposed first amended complaint attached to his motion as
13   "Exhibit A."  *Id.* at 1; *see id.* at 5-21 ("Ex. A" or "proposed FAC").  Plaintiff contends that his
14   proposed FAC adds an additional Defendant, K. Westergren, who at the time of the filing of his
15   original complaint was unknown to Plaintiff but was otherwise named as "DOE Defendants."  *Id.*
16   ¶ 6.

17   　　　　Plaintiff is entitled to amend his pleading without leave of Court under Federal Rule of Civil
18   Procedure 15(a)(1)(B).  *See* Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as
19   a matter of course no later than … 21 days after service of a motion under Rule 12(b), (e), or (f)").
20   Because Plaintiff timely lodged his proposed FAC within the time permitted under Rule
21   15(a)(1)(B), he may amend his pleading without leave of court.  Nevertheless, the Court has
22   reviewed the proposed FAC and finds that it appears consistent with the Court's findings and
23   recommendations which were adopted (*see* Docs. 11, 12) with the addition of named Defendant K.
24   Westergren.  Therefore, the Court will grant Plaintiff's motion to amend.

25   　　　　In light of Plaintiff's pro se status, the Court will direct the Clerk of the Court to file
26   Plaintiff's proposed FAC as a standalone filing on the docket as the operative FAC.  Further, given
27   Plaintiff's amendment, the Court will direct the Clerk of the Court to terminate Defendants'
28   pending motion to dismiss and request for judicial notice in support thereof (Docs. 23, 24) as moot.

*See Ramirez v. Cnty. of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("the Plaintiff's Second Amended Complaint superseded the First Amended Complaint, and the First Amended Complaint ceased to exist. Because the Defendants' motion to dismiss targeted the Plaintiff's First Amended Complaint, which was no longer in effect, we conclude that the motion to dismiss should have been deemed moot before the district court granted it."). In light of the termination of the motion to dismiss, the Court will deny as moot Defendants' motion to stay (Doc. 25). Defendants will be directed to file a responsive pleading within 14 days of the Clerk of the Court's docketing of the FAC. *See* Fed. R. Civ. P. 15(a)(3).

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend (Doc. 28) is GRANTED;
2. The Clerk of the Court is DIRECTED to file as a stand-alone docket entry the lodged first amended complaint ("FAC") attached as "Exhibit A" to Plaintiff's motion to amend (Doc. 28 at 5-21) as the operative complaint;
3. Defendants SHALL FILE their responsive pleading within 14 days of the Clerk of the Court's docketing of the FAC;
4. The Clerk of the Court is DIRECTED to terminate Defendants' motion to dismiss and request for judicial notice in support thereof (Docs. 23, 24) as MOOT; and
5. Defendants' motion to stay (Doc. 25) is DENIED AS MOOT.

IT IS SO ORDERED.

Dated: __December 31, 2025__                    _____
                                                                    UNITED STATES MAGISTRATE JUDGE