UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LAKEITH L. MCCOY,

          Plaintiff,

   v.

LISA GREEN, *et al.*,

          Defendants.

Case No.: 1:25-cv-00238-KES-CDB

ORDER DENYING PLAINTIFF'S SECOND MOTION FOR E-FILING PRIVILEGES

(Doc. 36)

Plaintiff LaKeith L. McCoy ("Plaintiff") is proceeding pro se and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  Following screening, this action proceeds on Plaintiff's malicious prosecution claim pursuant to 42 U.S.C. § 1983 against correctional officer Defendants Darrin King, Amiel Holguin, Sesar J. Casillas, Andre Martinez, Celestino Martinez, Jose A. Gonzales, Abel Garcia, and K. Westergren[1] (collectively, "Defendants").  (Docs. 1, 9, 12, 29, 30).

Pending before the Court is Plaintiff's second motion for permission to participate in electronic case filing dated January 17, 2026, and filed on the docket on January 22, 2026.  (Doc. 36).  Plaintiff represents that he filed an *ex parte* motion to amend the complaint to add Defendant K. Westergren but as of the date of the instant filing, he has not received any communications or orders from the Court regarding his motion to amend.  *Id.* ¶¶ 4, 5.  Plaintiff represents that he

---

[1] On December 31, 2025, the Court granted Plaintiff's motion to amend to add K. Westergren as a Defendant (Doc. 29), making Plaintiff's first amended complaint ("FAC") (Doc. 30) his operative pleading.

believes there has been a ruling on the motion as he received a phone call from counsel for Defendants requesting consent to extend time to file an answer but that he was confused due to the lack of notification of any ruling by the Court. *Id.* ¶¶ 6-8. Plaintiff represents that counsel later informed him about the granted motion, and he received the Court's recent orders on Defendants' time to file an answer. *Id.* ¶¶ 9, 10. Plaintiff asserts that it is "clear" that electronic case filing permission is necessary to move this case forward expeditiously, and that he is familiar with the Court's e-filing system as he currently has been granted e-filing privileges with the Ninth Circuit. *Id.* ¶¶ 11-13. He contends that granting him e-filing privileges will conserve judicial resources, reduce cost of litigation for the parties, and ensure that filings and orders are received timely. *Id.* ¶ 15.

Generally, "self-represented litigants are not permitted to e-file in this district." *Miller v. Sacramento City Unified School District*, No. 2:21-cv-0757-JAM-CKD PS, 2021 WL 3539733, at *3 (E.D. Cal. Aug. 11, 2021); *see* Local Rule 133(b)(2) ("Any person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge."). "[E]-filing is a privilege which in some circumstances may be extended to self-represented parties. If the case proceeds beyond the pleadings stage and plaintiff has not abused the filing procedures, the court will consider a further motion for e-filing privileges." *Miller*, 2021 WL 3539733 at *3.

Here, the case remains at the pleadings stage with Defendants' response to Plaintiff's first amended complaint due by February 11, 2026. *See* (Doc. 33 at 2). Although Plaintiff does not have access to electronically view the filings in the case, paper copies of all court orders (including minute orders) are mailed to him at the time of their issuance. Plaintiff has timely participated in this case without access to e-filing.

**Conclusion and Order**

For the foregoing reasons, it is HEREBY ORDERED that Plaintiff's second motion for electronic filing privileges (Doc. 36) is DENIED.

IT IS SO ORDERED.

Dated:   **January 23, 2026**                           _____

UNITED STATES MAGISTRATE JUDGE

2